**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**Northern Division**

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v.  ) | Crim. No. JKB 17CR0106 |
| ) | Judge Bredar |
| DANIEL T. HERSL ) | |

**DEFENDANT HERSL'S MOTION FOR REVIEW**
**OF DETENTION ORDER**

Defendant, Daniel T. Hersl ("Mr. Hersl"), through undersigned counsel, hereby moves this Court, pursuant to 18 U.S.C. Sec. 3145(b), to review the March 2, 2017 Order of Detention by Magistrate Judge Stephanie A. Gallagher, whereby the Court ordered Mr. Hersl detained without bond, pending trial. As grounds for this Motion, Mr. Hersl states as follows:

1. Mr. Hersl initially appeared before the Court on March 1, 2017. He has been indicted and charged under the RICO statute (18 USC Secs. 1962 (d) and (c)) with RICO Conspiracy and RICO.

2. On March 2, 2017, Mr. Hersl was ordered held without bond pending trial by Judge Gallagher.

3. Mr. Hersl is a lifelong resident of Maryland and the Baltimore area. He has extensive family connections and support in the Baltimore, Maryland area. Mr. Hersl is 47 years old. He has never been convicted of a crime. Indeed, he has been a Baltimore police officer for 20 years, arresting hundreds of lawbreakers over his outstanding career.

4. Judge Gallagher, applying 18 USC Sec. 3142, found that Mr.

Hersl was not a risk of flight.

5. However, Judge Gallagher found that Mr. Hersl was a danger to the community because of: (1) the strength of the Government's case; and (2) the potential danger to the community if Mr. Hersl were to be released, particularly alleged victims of Mr. Hersl's alleged conduct.

6. Mr. Hersl respectfully disagrees with Judge Gallagher's decision, and submits to this Court that, consistent with 18 U.S.C. Sec. 3142(c)(B)(i), there are conditions less burdensome than incarceration that can assure the safety of the community and allow for Mr. Hersl's pretrial release.

7. First, Mr. Hersl's sister, Jane F. Shott of Kingsville, Maryland, is a suitable Third Party Custodian. Mr. Hersl can be released to Ms. Shott's Third Party Custody, with the added security of an electronic monitoring/ankle bracelet whereby Mr. Hersl can be monitored by the Pretrial Services Office.

8. Mr. Hersl would be allowed to leave Ms. Shott's home for three reasons only: (1) to visit undersigned counsel's office; (2) to come to this Court; and (3) for medical attention. Any such visit/court appearance would have to be pre-approved and monitored by the Pretrial Services Office.

9. Under these circumstances, the Government's claim about Mr. Hersl's alleged "danger to the community" is far-fetched, if not completely ridiculous.

10. First, the Government's claims against Mr. Hersl are just that - allegations. Mr. Hersl enjoys the presumption of innocence under our Constitution.

11. Second, Mr. Hersl now understands that he is under the supervision and scrutiny of the Court, Pretrial Services, and indeed, the media and community. He knows that, based upon his experience and training, if any improper or negative actions are taken against any witnesses, or anyone else connected to this case, law enforcement, the Government and the Court will be looking into the actions and conduct of Daniel Hersl.

12. Third, the Government's argument about how incarceration is necessary to protect the public is refuted by our knowledge and experience. As the Court well knows, criminal enterprises are run by inmates, both in facilities and for criminal actions outside of facilities. Inmates make and receive telephone calls and receive visitors.

13. As a practical matter, there is no difference between incarceration and Third Party Custody as proposed above, for the far-fetched theory the Government suggests.

14. The Court should understand the following: Daniel Hersl understands the charges and allegations against him; Daniel Hersl understand the intense scrutiny that he is under, and would be under if released to the Third Party Custody of Ms. Shott.

15. Mr. Hersl is not going to do *anything* to make his legal

situation worse. Indeed, he denies the charges. Daniel Hersl has devoted his life to *enforcing the law, not breaking it*.

16. The Court can fashion reasonable conditions of release to release Mr. Hersl, and protect the public.

WHEREFORE, Mr. Hersl requests that, under 18 U.S.C. Sec. 3145(b), this Court set a hearing to promptly determine this motion, and to release Mr. Hersl under the appropriate conditions set forth above.

Respectfully submitted,

_____-s-_____
Peter L. Goldman, Esq.
O'REILLY & MARK, P.C.
524 King Street
Alexandria, VA  22314
(703) 684-6476 (o)
(703) 548-8935 (f)
pgoldmanatty@aol.com
Counsel for Defendant
Daniel T. Hersl

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of March, 2017, a copy of the foregoing Motion was sent via ECF to: AUSA Leo J. Wise, United States Attorney's Office for the District of Maryland, 36 South Charles Street, Fourth Floor, Baltimore, MD 21201.

_____-s-_____
Peter L. Goldman