IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 1:17-CR-00106-JKB |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES K. BREDAR |
| | ) | |
| vs. | ) | **MOTION FOR DISCOVERY** |
| | ) | |
| EVODIO CALLES HENDRIX, | ) | |
| | ) | |
| Defendant. | ) | |

Now comes the Defendant, Evodio Calles Hendrix, by and through his counsel, and moves this Honorable Court for an order allowing the discovery and inspection of the following items pursuant to Rule 16, Federal Rules of Criminal Procedure:

1. Any and all statements given by Defendant, as well as the substance of any oral statements by Defendant.

2. Any and all documents or tangible items which the government intends to introduce into evidence in this case, or any such documents in possession of the government which may be material to the preparation of the defense herein, but that the government does not intend to introduce into evidence.

3. Any criminal record of Defendant if in the possession of the custody or control of the government, the existence of which is known or by due diligence may be known.

4. The result of any and all physical or scientific examinations, tests of experiments conducted in relation to this case.

      5.    Any and all information which may be exculpatory of Defendant, pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), in relation to this case, in possession or control of the government.

Rule 16, Federal Rules of Criminal Procedure, governs general discovery matters in federal trials. Rule 16(a)(1)(c) places the onus upon the government for disclosure where the Defendant demonstrates that disclosure of the items is material to the defense, the government intends to use the item in its case in chief, or the item was obtained or belongs to the Defendant, or any agent, employee or consultant of Defendant. See: <u>United States v. Hubbard</u>, 474 Supp. 64 (D.D.C. 1979); <u>United States v. Pascal</u>, 606 F.2d 561 (5th Cir. 1979).

The Defendant is entitled to the disclosure of any conversations that may have occurred between the Defendant and an agent, even if the conversation has not yet been reduced to writing. Such information is tantamount to written or recorded statements made by the Defendant as cited in Rule 16(a)(1)(A). The spirit of the rule contemplates disclosure of any and all statements made by Defendant in the possession, custody or control of the government.

The case law reveals a more permissive attitude toward defense discovery, insuring an informed evaluation of the case. See: <u>Williams v. Dutton</u>, 400 F.2d 797 (5th Cir. 1968). The government's disclosure of this discovery material will greatly assist the defense in its preparation for trial. For these reasons, the defense moves that an order for discovery be granted.

Respectfully submitted,

/s/ Harvey B. Bruner\
HARVEY BRUNER, 00004829\
HARVEY B. BRUNER CO., LPA\
700 W. St. Clair Ave., #110\
Cleveland, Ohio 44113\
(216) 566-9477\
(216) 566-9966 FAX\
harvey@harveybruner.com\
Attorney for Defendant,\
Evodio Calles Hendrix

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Motion for Discovery has been forwarded to the following via this Court's electronic filing system, on this 9th day of March, 2017:

Leo Joseph Wise\
Assistant U.S. Attorney\
36 S. Charles St., 4th Fl.\
Baltimore, OH 21201

/s/ Harvey B. Bruner\
HARVEY BRUNER, 00004829\
HARVEY B. BRUNER CO., LPA\
Attorney for Defendant,\
Evodio Calles Hendrix