IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. GLR-17-0106 |
| MARCUS TAYLOR | : | |

ORDER

Upon reviewing the Petitioner Marcus Taylor's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (ECF 592), and supplements thereto, (ECF 609, 644, 646), the Court requests supplemental briefing from the Government related to the issues below:

(1) Government responded to the Motion to Vacate, (ECF 592), and the "Supplement to Previously Filed 28 U.S.C. § 2255 Motions," (ECF 609). However, they did not address Petitioner's (1) two additional "Reply to Government's Response," (ECF 644, 646), and (2) the "Declaration of Marcus Taylor in Support of His 28 USC 2255 [sic] and in Disagreement to the Entire Restitution Seeked [sic] Against Him, In Relation to His Sentence," (ECF 660).

(2) As for the claims regarding abuse of discretion as well as unjust conviction and sentencing, Petitioner raised them on direct appeal and are, therefore, proper to be reviewed through a § 2255 Motion. (ECF 531). The Government appears to have erred in concluding that the arguments must be denied because they were "either made on direct appeal or procedurally defaulted because [Petitioner] failed to make them." (ECF 636). A claim will be procedurally barred if the claim was not raised on direct appeal, and the petitioner cannot prove there was either cause and prejudice or actual innocence. See United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010). We order the Government to provide a further explanation or respond with a merits review.

The Government will have 14 days to respond. Petitioner will have 10 days thereafter. No additional supplements will be permitted.

IT IS SO ORDERED this 13th day of October 2023.

_____
George L. Russell, III
United States District Judge