IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARCUS TAYLOR,<br><br>Defendant | CRIMINAL NO. GLR-17-106 |

**RESPONSE IN OPPOSITION TO DEFENDANT'S VARIOUS REQUESTS**

The United States of America (the "United States" or "Government"), by and through its undersigned counsel, submits this supplemental response in accordance with this Court's recent order, *see* ECF No. 788 (the "Order"), and in opposition to the various filings, discussed herein, by Marcus Roosevelt Taylor (the "Defendant" or "Taylor"). As explained below, the Court should deny Defendant's claim for relief pursuant to 28 U.S.C. § 2255, and further the Court should not disturb Defendant's order of restitution. In support thereof, the Government states as follows:

I. **PROCEDURAL BACKGROUND**

    A. **Conviction, sentencing, and appeals**

1.     By way of superseding indictment, Taylor and six other members of the Baltimore Police Department's ("BPD") Gun Trace Task Force ("GTTF")—Momodu Gondo, Evodio Hendrix, Daniel Hersl, Wayne Jenkins, Jemell Rayam, and Maurice Ward—were charged with engaging in a racketeering conspiracy and other criminal conduct, while serving in their capacities as sworn BPD officers. ECF No. 137.[1] Hersl and Taylor proceeded to trial, while the remaining defendants pleaded guilty to racketeering conspiracy. ECF Nos. 310-334. On February 13, 2018,

---

[1]     In a separate but related case before this Court, Thomas Allers—another sworn BPD Officer and member of GTTF—also pleaded guilty to racketeering conspiracy. *See* Case No. 17-cr-452 (Blake, J.) at ECF Nos. 20, 60.

following twelve days of trial, a jury convicted Defendant on three counts of the superseding indictment relating to racketeering conspiracy and various racketeering offenses, including robbery and overtime fraud. ECF Nos. 137, 342.

2. On June 13, 2018, the Court entered its judgment against Defendant, sentencing him to 216 months of imprisonment, three years of supervised release, and imposing a $300 criminal assessment. ECF No. 416.[2] By agreement with the parties, the Court deferred the matter of restitution to a date to be determined. ECF Nos. 408, 416.

3. Before this Court could address the matter of restitution, Defendant filed a notice of appeal, challenging the merits of his conviction. ECF No. 426; *see also* Case No. 18-4414(L) (4CCA). By published decision, dated November 5, 2019, the Fourth Circuit Court of Appeals affirmed Defendant's convictions. ECF No. 531; *see also United States v. Taylor*, 942 F.3d 205 (4th Cir. 2019).

4. The case was subsequently remanded to this Court to complete sentencing. The Government submitted a motion for restitution pertaining to all defendants, including Taylor. ECF No. 500. Only Taylor and Ward elected to file responses in opposition. ECF Nos. 506, 507. The Government filed a consolidated reply, addressing the arguments set forth in both oppositions. ECF No. 513.

5. By order, dated August 30, 2019, this Court granted the Government's motion for restitution, noting that the Government's position was "well supported by the facts in Ward's plea agreement and the jury verdict as to Taylor," and that amended judgments were forthcoming. ECF No. 520.

6. On September 2, 2019, however, Defendant filed another notice of appeal, this time

---

2   As discussed herein, following a lengthy series of briefing and unsuccessful appeals from Defendant, that sentence would later be amended, on July 12, 2021, to include a final order of restitution. ECF Nos. 682-683, 774.

challenging his restitution order. ECF No. 521; *see also* Case No. 19-7246 (4CCA) at Doc. 1. Following Defendant's submission of his opening brief to the Fourth Circuit, the parties agreed that the notice of appeal had been prematurely filed. By consent motion, the Government and Defendant asked the Fourth Circuit to (i) remand the case for restitution to be perfected and finalized, and (ii) stay the briefing schedule for the appeal. *Id*. at Docs. 32, 35. The Fourth Circuit granted that consent motion on August 12, 2020. *Id.* at Doc. 35.

7. Upon remand, Government and Defendant provided supplemental briefing on the issue of restitution, including an amended motion for restitution. ECF Nos. 597, 629, 637. That briefing was focused specifically on the issues raised in Defendant's appellate brief, which he incorporated by reference into his supplemental filings. *Id*.; *see also* ECF No. 597-1. On July 12, 2021, the Court entered an order, granting, in part, the Government's amended motion for restitution. ECF No. 683. The Court explained its reasoning in a detailed memorandum opinion, dated the same. ECF No. 682.[3]

8. Subsequently, the appellate stay was lifted, whereupon Defendant and the Government fully briefed the challenge to Defendant's restitution. No. 19-7246 (4CCA) at Docs. 52, 53, 57, 71, 72. Oral argument was held on October 26, 2022. *Id*. at Doc. 91. By published decision, dated March 10, 2023, the Fourth Circuit affirmed this Court's order of restitution against Defendant. ECF No. 774; *see also* No. 19-7246 (4CCA) at Doc. 92, 93; *United States v. Taylor*, 62 F.4th 146 (4th Cir. 2023), *cert. denied,* No. 23-5365, 2023 WL 6558571 (U.S. Oct. 10, 2023).

---

[3] On August 25, 2021, the Court docketed a separate memorandum to all defendants, stating that the issue of restitution had been finalized and perfected, and that amended judgments of convictions were to soon be entered for all defendants. *See generally* ECF No. 710. Following the requirements set forth in 18 U.S.C. § 3664—the statute that contains the procedures for calculating and ordering restitution—the Court further provided a detailed analysis for each defendant's restitution order. *See generally* ECF No. 710. The Court subsequently issued amended judgments of convictions to all defendants. ECF Nos. 695-696 (Taylor), 719-720 (Jenkins), 721-722 (Rayam), 723-724 (Hendrix), 725-726 (Ward), 729-730 (Hersl). Those amended judgments simply added the relevant details of the amended restitution order, but otherwise left intact the prior terms of each defendant's sentence.

### B. Defendant's numerous post-conviction requests and motions

9. After exhausting his appeals, Defendant proceeded to docket a litany of post-conviction filings, including (among other things) numerous (additional) objections to restitution, requests for discovery and access to judicial records, and various challenges to merits of his convictions. *See, e.g.,* ECF Nos. 371, 376,399, 437, 481, 483, 486, 494, 496, 505, 540, 545, 546, 571, 572, 585, 586. The Court has denied most, if not all, of those requests. Defendant's filings that are pertinent for present purposes are discussed herein.

### i. *Motion to Vacate Conviction*

10. On September 15, 2020, Defendant filed a 95-page (inclusive of exhibits) motion to vacate, under 28 U.S.C. § 2255. ECF No. 592 (the "Motion to Vacate"). Therein, Defendant asserts five arguments attacking his conviction. *See* ECF No. 636 at pp. 4-5 (summarizing Defendant's five arguments).

11. Nearly a month later, on October 16, 2020, Defendant filed a 22-page (inclusive of exhibits) supplement to his Motion to Vacate. ECF No. 609 (the "Supplement"). At no time prior to this did Defendant file a motion or seek leave of the Court to file additional briefing. *See* Local Rule 105.2.

12. On November 30, 2020, the Court directed the Government to respond to both the Motion to Vacate and the Supplement. ECF No. 628.

13. Notwithstanding the Court's order and the Government's forthcoming response, on December 14, 2020, Defendant submitted yet another filing: a 54-page (inclusive of exhibits) correspondence, entitled an "Inquiry into the Courts [sic] Order Requiring the United States to Answer Motion to Vacate under 28 U.S.C. § 2255." ECF No. 631 (the "Inquiry"). Despite its caption, that Inquiry had little to do with questions concerning the Court's November 30, 2020,

but instead offered further explanation in support of Defendant's challenges to his conviction. *Id*. Again, at no time prior to this did Defendant file a motion or seek leave of the Court to file additional briefing. *See* Local Rules 105.2, 105.3.

14.     Collectively, Defendant's Supplement and Inquiry make various claims about the insufficiency of the evidence in his case and repeat or expand on the arguments set forth in the Motion to Vacate. *See* ECF No. 636 at pp. 5-6 (summarizing Defendant's Supplement and Inquiry).

15.     On December 22, 2020, the Government filed a response in opposition to Defendant's Motion to Vacate. ECF No. 636 (the "Opposition"). In doing so, the Government complied with the Court's order by thoroughly addressing and disposing of all points and arguments set forth in both of Defendant's filings (ECF No. 592 and ECF No. 609). While not required to, the Government also addressed the claims and points set forth in Defendant's Inquiry. ECF No. 636.

16.     On February 9, 2021, Defendant filed an 11-page reply to the Government's Opposition, *see* ECF No. 644 (the "Reply"), and as a result, Defendant's Motion to Vacate became ripe, *see* Local Rule 105.2. Presently, the Motion to Vacate awaits adjudication.

17.     Weeks after the briefing had concluded, on February 23, 2021, Defendant filed a another 11-page reply, his second, to the Government's Opposition. ECF No. 646 (the "2nd Reply"). Again, at no time prior to this did Defendant file a motion or seek leave of the Court to file an additional reply. *See* Local Rule 105.2.

18.     Months after the briefing had concluded, on May 25, 2021, Defendant filed a 16-page (inclusive of exhibits) declaration, entitled "Declaration of Marcus Taylor in Support of His 28 U.S.C. § 2255 and in Disagreement to the Entire Restitution Seeked [sic] Against Him, in Relation to His Sentence." ECF No. 660 (the "Declaration"). That Declaration, like his earlier

motions and filings, merely offers further discussion of the same arguments and points Defendant raised in support of his quest to challenge his conviction. *Id*. Additionally, Defendant uses his Declaration as another opportunity to challenge the Court's order of restitution. *Id*. Again, at no time prior to this did Defendant file a motion or seek leave of the Court to file a declaration or additional brief. *See* Local Rule 105.2.

19. Until the recent Order, *see* ECF No. 788, at no time did the Government receive instruction to respond to Defendant's unauthorized, superfluous filings (ECF Nos. 646, 660), like it did with the Court's November 30, 2020 order, *see* ECF No. 628.

### ii. *Restitution*

20. As noted above, Defendant's order of restitution has been extensively briefed and adjudicated, both before this Court and the Fourth Circuit. *See* ECF Nos. 500, 506, 513, 520, 597, 629, 637, 660, 682, 683; *see also* Case No. 19-7246 (4CCA); *Taylor*, 62 F.4th 146.

21. Moreover, Defendant's various challenges to restitution—including his most recent one, *see* ECF No. 660—have been copied and attempted by a number of his co-defendants. Each time, the Government has responded with a thorough legal and factual analysis, disposing of these baseless restitution challenges. *See, e.g.,* ECF No. 743 (the Government's response in opposition to Hersl's challenge to restitution (ECF No. 732)); ECF No. 757 (the Government's response in opposition to Jenkins's challenge to restitution (ECF No. 751)).

### C. The Court's recent Order

22. On October 13, 2023, the Court issued its Order, highlighting some of the above procedural history and instructing the Government file a supplemental brief in response to various issues and perceived deficiencies. ECF No. 788. Specifically, the Court asks the Government to respond to Defendant's Reply and Second Reply, which the Court observes the Government did

not do. ECF No. 788 at ¶ 1. Further, the Court asks that the Government provide an explanation for a legal position it took in its Opposition or, in the alternative, provide the Court with a "merits review." ECF No. 788 at ¶ 2.

## II.    THE GOVERNMENT'S SUPPLEMENTAL RESPONSES IN OPPOSITION TO DEFENDANT'S REQUESTS

### A.  Defendant's Reply, Second Reply, and Declaration.

#### iii.    *Clear and repeated violations of the Local Rules*

Defendant has docketed six filings—totaling 209 pages—in support of his attempt to vacate his conviction pursuant to 28 U.S.C. § 2255. *See* ECF Nos. 592 (95 pages), 609 (22 pages), 631 (54 pages), 644 (11 pages), 646 (11 pages), 660 (16 pages). As briefly explained below, and for reasons that are otherwise plainly evident, the Court should not consider, nor should the Government need to substantively address, Defendant's Reply, Second Reply, or Declaration because those filings (in addition to various others) were submitted in clear violation of this Court's Local Rules.

This Court routinely instructs parties—whether represented or not—that "**compliance with the Local Rules is not optional.**" *Meadows v. Charles Cnty. Sch. Bd. of Educ.*, No. 16-cv-2897, 2017 WL 2618272, at *3 (D. Md. June 16, 2017) (Chasanow, J.) (emphasis added) (citing *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (noting that local rules "have the force of law")); *see also* FED. R. CIV. P. 83(a)(1). Indeed, this Court regularly applies this compliance mandate to the measures pertaining to briefing schedules, format, limitations, surreplies, and the like, as set forth Local Rule 105. *Cf.* Local Rule 207.1 (noting that, subject to exceptions not pertinent here, the provisions of Local Rule 105 apply to both criminal and civil proceedings).

Relevant here, are the Local Rules': (1) procedures for briefing a motion, *see* Local Rule 105.2 (noting that a moving party files a motion and a reply while the respondent is limited to a

single opposition, and further stating that "[u]nless otherwise ordered by the Court, surreply memoranda are not permitted to be filed"), and (2) <u>limitations on briefing lengths</u>, *see* Local Rule 105.3 ("Unless otherwise ordered by the Court, memoranda in support of a motion or in opposition thereto and trial briefs shall not exceed thirty (30) pages, and reply memoranda shall not exceed fifteen (15) pages, inclusive of footnotes…").[4] Given that he has docketed scores of filings in this case, Defendant should be well aware of the Local Rules.

For starters, the Government was not under the impression that it was permitted to file a responsive brief to Defendant's Reply, Second Reply, or Declaration. *See* Local Rule 105.2. The Reply, in the Government's view, marked the closure of the briefing schedule, and it offered no new pertinent arguments or information that would have prompted the Government to file a motion for a surreply. *Id*. Likewise, with the briefing having closed on February 9, 2021 (the filing of the Reply), the Government did not think it could respond to the 2nd Reply or Declaration. *Id*.

Nor does the Government think that a substantive response to those filings is required. Whether construed as Defendant's surreplies[5] or simply supplemental filings, those filings were

---

[4] Defendant has also violated the Local Rules': (3) <u>requirements for certain font, type face, and spacing</u>, *see* Local Rule 102.2(b) ("All documents filed with the Court shall not exceed 8 1/2" x 11", with a one-inch margin on all sides. Lines of text for all documents…shall be double-spaced except for quotations and footnotes.... Typed or printed material shall appear in at least 12-point font size for text and at least 10-point font size for footnotes in Times New Roman or larger typeface..."); and (4) <u>the requirement for a table of contents</u>, *see* Local Rule 104.4 ("A table of contents shall be included in any memorandum or brief exceeding fifteen (15) pages in length."). However, the Government recognizes the impediments an incarcerated *pro se* defendant may have in complying with the more technical mandates of the Local Rules. The Government's main concern is Defendant's continuous brief of the same issues, without leave of the Court and in way excess of the limitations provided by the Local Rules.

[5] Even if construed as attempts to file surreplies, the 2nd Reply and Declaration should still be rejected as such repetitive filings are strongly disfavored. *See Allnutt v. Handler*, No. 98-cv-1722, 2000 WL 852455, at *15 (D. Md. Oct. 23, 2000) (Young, J.) (a decision that is particularly apt in light of Defendant's penchant for repeat filings, wherein this Court refused to consider various surreplies filed by a pro se plaintiff, stating that the surreplies "should not be considered by the Court because they do not comply with Local Rule 105.2(a), which forbids surreply memoranda which the Court has not authorized… As this case amply demonstrates, parties, if left to their own devices, can subject the Court to the endless task of responding to waves of filings and counter-filings, as the litigants trade a succession of afterthoughts"), *aff'd sub nom. Allnut v. Handler*, 8 F. App'x 225 (4th Cir. 2001); *see also See Chubb & Son v. C & C Complete Servs., LLC*, 919 F. Supp. 2d 666, 679 (D. Md. 2013) (Alexander, J.) (holding that "Plaintiffs did not

submitted in direct violation of the Local Rules. Most glaringly, Defendant never sought leave for a surreply or additional briefing, and those three filings (the Reply, 2nd Reply, and Declaration) tallied together comes to 38 pages, which greatly exceeds that which is provided under Local Rule for a single reply brief. *See* Local Rules 105.2, 105.3.

In short, Defendant's failure to comply with the Local Rules is simply not acceptable as a matter of law; nor is it fair to the Government, which has stayed in bounds of such authorities and continues to expend resources to respond to Defendant's continuous submissions of the same meritless challenges and requests.

### iv.     *Redundancy*

Were the Court to disagree, and find that substantive responses to Defendant's Reply, 2nd Reply, and Declaration are owed, the Government notes that those filings add no new authorities, analysis, or information than what was presented in Defendant's Motion to Vacate, Supplement, and Inquiry. As noted above, the Government's Opposition goes to considerable lengths to discuss and dispense with the merits of those filings. *See generally* ECF No. ECF No. 636.[6]

### v.     *Restitution*

The only portion of the Declaration that raises a distinct issue—that is, something different than Defendant's repetitive commentary concerning his challenge to his conviction—are the various parts where Defendant expresses his displeasure with his order of restitution. ECF No. 660 at pp. 3-4. However, it is not entirely clear on what factual or legal basis Defendant believes this Court can review and amend his restitution order.

---

file their surreply in conformity with the Local Rules, surreplies are disfavored in this District, and the surreply would not alter the Court's analysis").

6     Should the Court disagree, and feel there is a particular discrete issue that has not been addressed, the Government would certainly be amenable to providing further briefing.

As outlined above, the matter of Defendant's restitution has been extensively briefed and thrice adjudicated, each time in favor of the Government. Accordingly, the Court need to wade again into Defendant's objections to restitution. But in the event the Court were inclined to do so, the Government refers to and incorporates herein the arguments that it has provided in response to similar restitution challenges from several of the co-defendants. *See* ECF Nos. 743 (the Government's response in opposition to Hersl's challenge to restitution), 757 (the Government's response in opposition to Jenkins's challenge to restitution). Briefly, those responses include as follows. First, Defendant's restitution is **final and, as a matter of law, cannot be vacated, substantively amended, or even reviewed by this Court**. *See* 18 U.S.C. § 3664(o); *see also* ECF No. 743 at p. 5 (collecting cases). Second, the victims identified in Defendant's restitution order meet the MVRA's definition of "victim" and are entitled to restitution as a matter of law. *See Taylor*, 62 F.4th 146. And third, the allegation that Defendant has not "had any communication with the court-appointed attorney concerning the restitution aspect in correlation to his sentence [since] September 2019," is not relevant; particularly because his attorney gave a full-throated defense before this Court and the Fourth Circuit. Indeed, Defendant received a stronger and more thorough defense against restitution than any of his co-defendants.[7]

### B. Clarifying the Government's Opposition.

The Court has requested that the Government explain or clarify a portion of its Opposition. ECF No. 788 at ¶ 2. Specifically, in that filing the Government states that "Defendant's various

---

[7] It is not clear whether Defendant is laying part of the blame on his attorney. Regardless, the Court should not construe this as a claim of ineffective assistance of counsel as such challenges, even in the restitution context, are brought only pursuant to 28 U.S.C. § 2255. *See, e.g., Morrison v. United States*, No. 12-cv-3607, 2014 WL 979201 (D. Md. Mar. 12, 2014) (Bennett, J.). And even if Defendant's Declaration were so construed, he would not be able to establish the requirements under *Strickland v. Washington*, 466 U.S. 668 (1984). Among other things, there is no evidence of ineffective assistance. But even if there were, Defendant would be unable to demonstrate how such assistance led to his restitution order. The Court was required, under the MVRA, to impose an order of restitution for Defendant's offense(s) of conviction. There is no legal and factual impropriety with how the Court calculated Defendant's restitution—nor does he even seem to identify one.

complaints under the heading 'Abuse of Discretion' and 'Unjust Conviction and Sentencing Claims' are not cognizable under 28 U.S.C. § 2255. The arguments he makes were either made on direct appeal or are procedurally defaulted because he failed to make them." ECF No. 636 at p. 16 (quoting ECF No. 592 at pp. 18, 22). The Court reads this assertion to mean that "[Defendant's] arguments must be denied because they were 'either made on direct appeal or procedurally defaulted because [Petitioner] failed to make them." ECF No. 788 at ¶ 2 (quoting ECF No. 636).

The Government understands the Court's confusion or concern. What the Government intended to say is that Defendant unsuccessfully made these arguments on direct appeal, and that this Court should reject these arguments for the same reasons that the Fourth Circuit did. To be clear, the Government does not intend to suggest that this Court should deny Defendant's arguments because they were made on direct appeal.

### III. CONCLUSION

Accordingly, for these reasons and for those set out in its Opposition, the Government respectfully requests that this Court deny the Defendant's Motion to Vacate, and that Defendant's restitution order remain intact and undisturbed.

Respectfully submitted, November 3, 2023

Erek L. Barron
United States Attorney

*/s/ Patrick G. Selwood*
Patrick G. Selwood
Leo J. Wise
Assistant United States Attorneys
United States Attorney's Office, District of Maryland
36 South Charles Street, Fourth Floor
Baltimore, Maryland, 21201
Telephone: (410) 209-4892
Email: Patrick.Selwood@usdoj.gov

*Counsel for the United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that, on November 3, 2023, I caused a copy of the foregoing *Response in Opposition to Defendant's Various Requests* to be electronically served via the Court's CM/ECF system and to be sent via U.S. mail to:

>Marcus Roosevelt Taylor
>No. 62930-037
>FCI Forrest City Low
>P.O. Box 9000
>Forrest City, Arkansas 72336
>
>*Defendant, pro se*

   */s/ Patrick G. Selwood*
   Patrick G. Selwood
   Leo J. Wise
   Assistant United States Attorneys