## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA      *

v.                           *      Crim. No. GLR-17-0106-3

DANIEL HERSL               *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. §3852(c)(1)(A)(i)

Comes Now Petitioner, Daniel Hersl, by and through undersigned counsel in reply to the Government's Opposition to his Motion for Compassionate Release and states the following:

1. **MEDICAL CONDITION**

Approximately a month ago the medical staff at U.S. Medical Center Springfield Missouri after coordinating with oncologist experts at Mercy Hospital, Springfield Missouri confirmed that Mr Hersl had metastatic prostate cancer and that the cancer has metastasized to lymph nodes, liver, both lungs, one rib and upper sacrum. The prognosis is that Mr. Hersl life expectancy at best is 18 months. That any treatment would be palliative to ease the suffering. The government in their motion does not take issue with Mr. Hersl's medical status or his life expectancy. What is coldly disregarded in the government response is the facilities, ability for palliative care and what Mr. Hersl will endure in his final months of life. *What happens in the final stages of prostate cancer?* Increased weakness and fatigue, need to sleep most of the time, no appetite, difficulty swallowing fluids, weight and muscle loss, loss of interest in outside

world, slow breathing with long pauses between breaths, noisy breathing with gurgling or rattling, cool skin that may turn bluish, decreased urine, loss of bladder and bowel control, restlessness or repetitive, involuntary movements, confusion about time, place and people and seeing or hearing people or things that are not there and pain. https://www.mayoclinic.org https://www.emedicinehealth.com

To add to Mr. Hersl's suffering is that in his case the cancer has metastasized to his lungs and bones causing additional suffering and the need for proper care. Metastatic lung cancer, coughing most of the time, breathlessness, chest infections and coughing up blood.

https://www.cancerresearchuk.org Cancer that has metastasized to the bones, symptoms: Severe pain in bone before the bone breaks, sudden pain in back may mean a bone in the spine has broken and spinal cord compression. Fractures most often happen in the long bones of the arms and legs and the bones of the spine. https://www.cancer.org (American Cancer Society).

The Bureau of Prisons has developed a care level classification system with 4 levels. Mr. Hersl is a care level 4 "inmates require services available only at a BOP Medical Referral Center(MRC), which provides significantly enhanced medical services and **limited inpatient care**" (emphasis added). http://www.bop.gov/resources/healthcaremngmt.jsp The BOP is not designed to humanely house and properly treat significant degenerating medical conditions like that in Mr. Hersl's situation.


2. **SENTENCING**

On June 22, 2018, Mr. Hersl appeared before The Honorable Catherine C. Blake, Judge for sentencing. Judge Blake is highly respected by both the government and defense for her thoughtfulness, compassion and integrity in sentencing.  In the Court's sentencing colloquy two

sentencing factors were highlighted, the harm to the community and the need to deter further police conduct of this nature. "There must be a clear message that officers who break their oaths by robbery, by fraud, by other crimes will be prosecuted and will be justly punished for that crime" (Gov Ex. 1, p.82). The Court also noted, "I don't think there's an issue of specific deterrence or recidivism as to Mr. Hersl." There is little that can now be done on the issue of harm to the community, but clearly the Court's objective of general deterrence has been met if not exceeded. The press and movies have chronicled the actions and the disgrace of GTTF members who were prosecuted. The fact that after serving nearly seven years of an 18-year sentence Mr. Hersl is allowed to die at home or in hospice where he can receive appropriate treatment in no way diminishes the deterrent effect that Judge Blake strove to achieve and did achieve.

**3.      Codefendants**:

As noted in the original filing equally, if not more culpable co-defendants who cooperated and did not go to trial have already been released from the BOP or will be released within the next 10 months. Momodu Gondo sentenced to 120 months, release date September 7, 2024. Evodio Hendrix and Maurice Ward, both sentenced to 84 months, were released February 16, 2022.

**4.      Length of Sentence/Time Remaining**:

The government in their motion noted that Mr. Hersl has served 6 years and 8 months, or 37% of his 18-year sentence. The calculations fail to take into consideration his earned good time credits. Based on an 18-year sentence he is entitled to 54 days good time per year, which is approximately 2.6 years and fails to account for credit earned under the First Step Act. At this

point he is earning 15 days per month toward home confinement. Using the appropriate

calculations, Mr. Hersl has completed more than 50% of his sentence.

**5.      Restitution**:

Prior to his present condition Mr. Hersl earned approximately $162.00 per month,

working 40 hours per week in various BOP jobs. The entire amount has been withheld based on

his restitution obligation. Any money that he receives for commissary comes directly from his

family.


**6.      HERSL MEETS AND EXCEEDS COMPASSIOANTE RELEASE CRITERIA:**

The government concedes that Mr. Hersl has **exhausted his administrative remedies**.

They further concede that his terminal diagnosis of metastatic prostrate cancer is "indisputably

devasting" and **meets the definition of "extraordinary and compelling" under 18 U.S.C. §

3582(c).** As noted by Judge Blake at the sentencing hearing there is not an issue of recidivism.

Clearly, he is **not a continuing danger to the community.**

The remaining 3553 (a) factors must be viewed by what we know today, not back in

2018. We know that Mr. Hersl's life expectancy 2-months ago was 18 months, that he is not a

danger to the community, that his sentence and the sentence of others afforded adequate criminal

deterrence and reflects the seriousness of the offense. That the Bureau of Prisons is not designed

to give the proper care needed by someone who is suffering from terminal metastasized prostrate

cancer. That private hospice and hospital care as outlined in the original filing would supply

proper palliative care. Finally, we know today if this motion is denied Mr. Hersl will suffer and

die in the Bureau of Prisons. This was never the intent of the original sentence.

**CONCLUSION**

For the foregoing reasons, Petitioner Daniel Hersl respectfully requests that this Court grant this motion for compassionate release and reduce his sentence to time-served with a condition of home detention or appropriate hospitalization so that he may receive proper palliative treatment for his prostate cancer that has metastasized throughout his body.

In the alternative that Mr. Hersl be immediately furloughed from the Bureau of Prisons to home detention or hospitalization. If the cancer is abated to return to the custody of the Bureau of Prisons to complete his sentence.

Respectfully submitted,

_____/s/_____

William B. Purpura
Purpura & Purpura
8 E. Mulberry Street
Baltimore, Maryland 21202
(410) 727-8550 (tel.)
(410) 215-0759 (cell)
*Attorney for Petitioner*

**REQUEST FOR HEARING**

It is respectfully requested that this matter be set for a hearing.

_____/s/_____
William B. Purpura

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, November 5, 2023, a copy of the foregoing was served

on all parties via. ECF.

_____/s/_____
William B. Purpura