# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No. 1:17-cr-00638-GLR |
| | : |
| WAYNE EARL JENKINS | : |

## ORDER

Upon review of defendant's *pro se* pleading, which was accepted for filing on December 15, 2022 (ECF No. 40), and the United States' response thereto, the Court has determined that the claims in defendant's pleading regarding the legality and constitutionality of his convictions may only be raised in a motion pursuant to 28 U.S.C. § 2255. Therefore, this Court intends to construe defendant's December 15, 2022, pleading as a § 2255 motion. However, before the Court does so, it must inform defendant of some of the consequences that may result from this characterization and give defendant an opportunity to withdraw or amend his motion. The Court thus provides defendant with the following advisement pursuant to *Castro v. United States*, 540 U.S. 375 (2003), and *United States v. Blackstock*, 513 F.3d 128 (4th Cir. 2008).

First, the law related to § 2255 motions requires that all claims attacking a conviction or sentence be brought in a single motion. If the Court characterizes defendant's motion as a § 2255 motion, defendant will not be able to file any additional motions challenging the legality of his conviction or sentence unless the U.S. Court of Appeals for the Fourth Circuit authorizes him to file such a motion. The Court of Appeals will not authorize a second or successive § 2255 motion unless the motion contains: (1) newly discovered evidence that would establish, by clear and convincing evidence, that the defendant is not guilty of the offense for which he was convicted; or

(2) a new rule of constitutional law that the Supreme Court makes applicable to cases on collateral review.

Second, if the Court characterizes defendant's motion as a § 2255 motion, defendant will be subject to the one-year period of limitation contained in § 2255. This period of limitation requires that a court must dismiss a § 2255 motion unless it is filed within one year of the latest of the following dates: (1) the date on which defendant's conviction became final; (2) the date on which any governmental interference preventing defendant from filing such a motion was removed; (3) the date on which a right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made applicable to cases on collateral review; or (4) the date on which the facts supporting defendant's claims could have been discovered if defendant acted with reasonable diligence.

Third, because of the consequences that may result if the Court characterizes defendant's motion as a § 2255 motion, the Court will give defendant the opportunity to withdraw or amend his motion before the Court characterizes it as a § 2255 motion. If defendant decides to withdraw his motion and file another motion in its place, or to amend his motion, defendant should be aware that any motion attacking the legality of his conviction or sentence will be subject to the restrictions on § 2255 motions that the Court has described above.

Accordingly, the defendant will have 60 days from the date of this Order to inform the Court whether defendant wishes to withdraw or amend his motion or if he wishes to have the Court characterize it as a § 2255 motion. If the Court does not receive defendant's response within 60 days after the date of this order, the Court will characterize defendant's motion as a motion filed under 28 U.S.C. § 2255.

2

If this Court characterizes defendant's motion as a § 2255 motion, the Court will issue an Order directing the United States to respond to the motion within 60 days. Rules Governing Section 2255 Proceedings, Rule 4(b).

SO ORDERED.

Dated: 1/8, 2024

George L. Russell, III
United States District Judge

Copies to:

Wayne Earl Jenkins
Fed. Reg. No. 62928-037
FCI Milan
Federal Correctional Institution
P.O. Box 1000
Milan, MI 48160

Tracy Suhr
Special Assistant United States Attorney
Special Proceedings Division
United States Attorney's Office
  for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530

3