UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
AT BALTIMORE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Nos. 1:17-cr-00106-GLR |
| ) | 1:17-cr-00638-GLR |
| WAYNE EARL JENKINS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S MOTION FOR RELIEF FROM ORDER
RELATED TO DISCOVERY MATERIALS PURSUANT TO RULE 60**

Comes now the Defendant, Wayne E. Jenkins, ("Jenkins"), pro se, and respectfully motions this Court for relief from an Order issued by this Court, on September 15, 2025, related to a previous request that the U.S. provide never-before-seen copies of FBI 302 interview summaries in the U.S.'s possession, that demonstrate Jenkins's innocence regarding one aspect of the cases brought against him.

In support of this motion, Jenkins would state the following:

1. In a previous filing (17-106, DE 880) Jenkins asked this Court for an Order that the U.S. provide 302 interview records from the FBI which the U.S. Attorney's Office reportedly has and which suggest the innocence of Jenkins in one major part of his guilty plea, a part which Jenkins has asserted his innocence since day one.

2. The U.S. responded to this previously filed motion on December 19, 2024 (DE 880) and Jenkins was to file a Reply but was thwarted and asked for a 90-day extension in which to Reply. (He is a pro se litigant at this point and needed the extra time due to various limitations impressed on him by virtue of his incarceration and movements within the BOP).

3. This Court graciously granted Jenkins the extra time. His Reply was due in late April, 2025. Due to reasons spelled out in a just-filed pleading entitled, "Defendant's Motion to File Belated Reply To Previously Filed U.S. Response Related to Prior Motion" [the request for the 302 records showing evidence the U.S. has demonstrating actual innocence], Jenkins was unable to file his Reply.

4. This recently-sent pleading, along with an address change notice were mailed on September 17th and more than likely crossed in transit with this Court's Order of September 15, 2025, denying Jenkins's request for these unseen 302s. The Motion to File a Belated Reply addressed the reasons for the non-filing of the Reply and the request to be allowed to address the U.S.'s Response.

5. With the dismissal of this request for the 302s, the Court has closed the door to attempts to discover whether indeed the AUSA hid exculpatroy (indeed innocence-proving) evidence on Jenkins. And it should also be noted that the U.S., in its pleadings regarding a requested Motion to Withdraw from his lawyer and a request for information regarding Mr. Leo Wise, the U.S. specifically addressed some details. (See, e.g., pp.

2

6-7 of December 19, 2024 pleading by U.S.). When it came to the matter of 302s, the U.S. simply argued law and that Jenkins did not specify which 302 he needed and that Jenkins was on a "fishing expedition." (Id., p. 8). But this is no such thing. Detective Gondo, according to official Baltimore and DOJ documents (Report on Death of Detective Sean Suiter, (BPD) and IG Report on the BPD GTTF Investigation)) Gondo told the FBI that Suiter admitted to planting the drugs. These reports make that clear and substantiate the claims of Jenkins all along that the planting of drugs was the one thing he did not do. (Though he readily admitted to a host of other things).

6. Jenkins can elaborate a great deal along this theme provided he has access (finally) to this evidence that the U.S. has possessed all along. A full Reply will explain it all and the source for this information, provided the Court will allow it. And simply supplying what should have been produced long ago should not prejudice the U.S. nor unduly burden this Court and the precious resources that it should rightfully protect.

7. The instant motion concerns itself simply with the Court's recent Order and an attempt to obtain relief from that Order. If granted, a full argument for the 302s, in light of the U.S.'s position, would be shortly forthcoming.

8. Federal Rule of Civil Procedure 60(b)(1) allows for this Court's Order of September 15, 2025 to be vacated and for Jenkins to be allowed to file a Reply on this important issue.

9. Jenkins neglected to file his Reply on time as graciously allowed by this Court. But by incorporation, Jenkins respectfully asks this Court to note the reasons provided for this neglect and which are found in the previously noted, and just-filed pleading which this Court now has. In addition to Rule 60(b)(1), 60(b)(3) also seems to come into play, as if true, and the 302s were hidden from Jenkins, the U.S. engaged in "misconduct" as that term is used by this Rule.

10. The high bar of Rule 60(b) is reached when a petitioner can show misconduct or excusable neglect (or other criteria) and also the following:

  a. His motion is timely filed;

  b. He has a meritorious position in the action; and

  c. That there would be no unfair prejudice to the nonmoving party should the [Order] be set aside.

All these additional criteria are met by Jenkins, particularly (c) in that the U.S would certainly want it addressed if one of its prosecutors is hiding and manipulating evidence in criminal cases. Indeed, this is exactly what the movant here is imprisoned for! (Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1998)(Discussing the above cited criteria for Rule 60(b) relief)).

WHEREFORE, Defendant Wayne Jenkins respectfully asks this Court to vacate its September 15th Order and to allow Jenkins to file a full Reply to the U.S.'s position on the 302 matter, and that this Court give Jenkins thirty (30) days from that Order

in which to file his Reply.

                                      Respectfully submitted,

Dated:  September 25th, 2025

                                      Wayne E. Jenkins
                                      Defendant/Petitioner

## CERTIFICATE OF SERVICE

In addition to the electronic notification to Plaintiff, a copy of the foregoing was served on SAUSA Tracy Suhr, this 25th day of September, 2025, by First Class U.S. Mail, with proper postage and the correct address on D St., N.W., D.C.

                                      Wayne E. Jenkins